UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-24701-BLOOM/Elfenbein

JOSE FERRER, and
JACQUELINE FERRER,

    Plaintiff,

v.

DANIEL LIBURDI, and
101 N. HIBISCUS, LLC,

    Defendant.
_____/

## ORDER ON EMERGENCY MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiffs' Jose Ferrer and Jacqueline Ferrer ("Plaintiffs") Emergency Motion to Remand ("Motion"), ECF No. [6]. Plaintiffs originally filed this action in the Eleventh Judicial Circuit Court for Miami-Dade County, Florida, alleging a private nuisance claim against Defendants Daniel Liburdi and 101 N. Hibiscus, LLC ("Defendants"). On December 3, 2024, Defendants filed a Notice of Removal, ECF No. [1]. Plaintiffs seek to have the case remanded to Florida state court and to impose sanctions. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons set forth below, the Emergency Motion is granted.

### I.  BACKGROUND

Plaintiffs are the record title owners of 91 North Hibiscus Drive, Miami Beach, Florida 33139. ECF No. [6] at 1. Defendants own and reside at 101 North Hibiscus Drive, Miami Beach, Florida, 33139, which is directly next door to Plaintiffs' property. *Id.* at 2. Since the purchase of 101 Hibiscus and taking of possession of such property by Defendants, Plaintiffs have experienced consistent interference with and loss and enjoyment of their property due to Defendants utilizing

101 Hibiscus to carry out and maintain continuous large-scale, organized events and house parties with commercial grade sound systems, lighting, service staff, private security, firework displays, traffic congestion, and event promotion by third parties. *Id.* Both Plaintiffs and Defendants' properties are located in a residential zoned area of Miami Beach. *Id.*

Plaintiffs contend that law enforcement has been contacted on thirteen separate occasions by Plaintiffs and others due to continuous instances of excessive loud noise, crowds, and blocking off public streets in violation of the City of Miami Beach's ordinances. *Id.* at 12. On November 22, 2024, Plaintiffs filed suit in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, entitled *Jose Ferrer et al. v. Daniel Liburdi et al.,* Case No. 2024-022483-CA-01. *Id.* at 12. The Complaint alleges one Count of Private Nuisance. ECF No. [1] at 17. Concurrently with the Complaint, Plaintiffs filed an Emergency Motion for a Temporary Injunction. ECF No. [6] at 12. Defendants were served on November 27, 2024. *Id.* The parties coordinated dates for an emergency hearing on the Motion for Temporary Injunction, and counsel for Plaintiffs proposed December 4, 5, and 6, 2024, as Defendants planned additional events that upcoming weekend. *Id.* Defendants filed a Notice of Removal in this Court on December 2, 2024. *Id.*; ECF No. [1]. Defendants assert that the Court has original jurisdiction under 28 U.S.C. § 1331 and § 1443, because Plaintiffs' action violates Defendants' fundamental rights to privacy, free speech, and assembly. *Id.* at ¶ 3-4.

Plaintiffs filed the instant Emergency Motion for Remand, seeking (1) remand of this action to state court; (2) imposition of sanctions against Defendants; or in the alternative, (iii) issuance of a temporary injunction by this Court. ECF No. [6] at 1. Defendants respond that removal is proper, and Plaintiffs are unable to meet the necessary requirements for a temporary

injunction. ECF No. [8]. Plaintiffs reply that there is no right to federal defense removal in the context of private nuisance claims, and an injunction is warranted. ECF No. [9].

## II.  LEGAL STANDARD

### A. Jurisdiction

"A district court can hear a case only if it has at least one of three types of subject matter jurisdiction: (1) jurisdiction under specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quoting *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016)) (internal quotations omitted). While 28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state to federal court where the controversy lies within the federal court's original jurisdiction, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "The jurisdiction of a court over the subject matter of a claim. . . cannot be waived or otherwise conferred upon the court by the parties." *Id*. (quoting *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982)) (internal quotations omitted). This is because federal courts are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala.*, 168 F.3d at 409 (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

#### a. Federal Question Jurisdiction

Federal question jurisdiction is governed by the "well-pleaded complaint" rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of

the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim[.]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (internal citation omitted). "Unless a 'substantial' federal question is presented on the face of the complaint, the case does not arise under federal law." *Spear ex rel. Spear v. Publix Super Mkts., Inc.*, 2008 WL 5276441, at *1 (S.D. Fla. Dec. 18, 2008). "Neither the defendant's answer nor its petition for removal may be used to establish federal question jurisdiction." *Id.*

### B. Rule 11

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v. Int'l Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

### III.   DISCUSSION

#### A.   Remand

Plaintiffs contend that remand is proper because Plaintiffs allege only one state law claim for private nuisance. ECF No. [6] at 14. Further, Plaintiffs contend Defendants' sole basis for removal is based on a purported first amendment defense, but no general right to federal defense removal exists in the context of private nuisance claims. *Id.* Defendants respond that adjudication of Plaintiffs' claim of nuisance necessarily calls for a determination of the constitutionality of sections 823.05, and 60.05, Florida Statutes. ECF No. [8] at 3. Moreover, Plaintiff's request for a temporary injunction requires a determination of the interplay of Fourteenth Amendment due process protections as applied to a temporary injunction.

Examining the face of the Complaint, no federal question exists. Plaintiffs allege one count of private nuisance against Defendants. Under Florida law, a nuisance is "[a]nything which annoys or disturbs one in the free use, possession, or enjoyment of his property, or which renders its ordinary use or occupation physically uncomfortable." *Jones v. Trawick*, 75 So. 2d 785, 787 (Fla. 1954). While there is "no exact rule or formula" to determine when a neighbor's noise constitutes a nuisance, courts evaluate the "reasonableness of the use . . . as such use affects the public and private rights of others[.]" *Cason v. Fla. Power Co.*, 74 Fla. 1, 7 (1917); *see also Roebuck v. Sills*, 306 So. 3d 374, 377 (1st DCA 2020) ("[N[eighbors have a common law duty not to interfere with, or to render each other unsafe or insecure in life or in the use of their property."); Fla. Stat. § 823.05. In the Complaint, Plaintiffs allege that Defendants carried out activities that interfered with Plaintiffs use and enjoyment of their property. ECF No. [1] at 17. The Complaint relies exclusively on state law and therefore, no federal question jurisdiction exists.

"[E]ven if a plaintiff has pled only state-law claims, a plaintiff may not avoid federal jurisdiction if either: (1) the state-law claims raise substantial questions of federal law, or (2)

federal law completely preempts the state-law claims." *Schleider v. GVDB Operations, LLC*, 121 F. 4th 149, 156 (11th Cir. 2024). However, a private nuisance claim does not seek relief under federal law, nor does the Complaint allege any violation of federal law. That Defendants attempt to argue that Plaintiffs are infringing on Defendants' constitutional rights "does not constitute a basis for federal jurisdiction, for it is fundamental that anticipation of a defense cannot confer jurisdiction." *Spear*, 2008 WL 5276441, at *4 (S.D. Fla. Dec. 18, 2008); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (It is "settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint"). Accordingly, as no federal question exists, removal was improper.[1]

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Remand**, ECF No. [6]** is **GRANTED**.

2. The Clerk of the Court is directed to **REMAND** this case to the Eleventh Judicial Circuit in and for Miami-Dade County; and

3. The Clerk of Court is directed to **CLOSE** this case.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

---

[1] The Court denies Plaintiffs' request for sanctions against Defendants. "Rule 11 sanctions should only be imposed in limited circumstances where the frivolous nature of the claims-at-issue is unequivocal." *Carter v. ALK Holdings, Inc.*, 605 F.3d 1319, 1322 (11th Cir. 2010). That is not the case here. As mentioned above, removal is proper where state law claims raise substantial issues of federal law. *See Schleider*, 121 F. 4th at 156. Defendants' arguments, although unsuccessful, are not entirely off-base to warrant sanctions. Without more, a sanctions award is inappropriate at this juncture.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 11, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record